**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SMALL, et al.** | : | |
| | : | **CASE NO. 1:06CV1721** |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | <u>**ORDER**</u> |
| | : | |
| **FRANK REGALBUTO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

Before the Court are several pending motions: Mark E. Dottore's (the "Receiver") *Motion to Intervene as a Party and to Sever Third Party Complaint; to Stay Proceedings on Third Party Complaint; and for Order to Show Cause* (Doc. 21); H & R Block Financial Services, Incorporated's ("HRBFA") *Motion to Stay and Compel Arbitration* (Doc. 23); Frank Regalbuto's *Motion to Join as Third Party Plaintiffs* (Doc. 24); Mark Small, Jon Small, Cleveland Construction, Incorporated, and Small Brothers Partnership's (the "Small Plaintiffs") *Motion for Partial Summary Judgment* (Doc. 26); Frank Regalbuto's *Motion to Lift Stay* (Doc. 64); and counsel for Frank Regalbuto's *Motion to Withdraw as Attorney* (Doc. 69). The pending motions are discussed below in chronological order, and in resolution of those motions the Court finds and orders as follows:

**I.     The Receiver's Motion to Intervene (Doc. 21).**

In his motion to intervene, the Receiver asks the Court to intervene as a party, to sever Frank Regalbuto's third party complaint, to stay proceedings on the third party complaint; and issue an order requiring Frank Regalbuto to show cause why he should not be held in contempt. With respect to each request to relief, the Court finds and Orders as follows:

In his request to intervene, the Receiver argues that the broadly stated claims Mr. Regalbuto's third party complaint plead injuries that are suffered by all IPOF Fund investors, and could result in a recovery of money that is properly an asset of the Receivership. In the Court's January 7, 2008 Order in *Gordon v. Dadante*, no 05-cv-2726 (N.D. Ohio) (the "*Gordon Litigation*"), it found that the IPOF Fund originated as a general partnership and, by the time of the Receivership, had become a limited partnership. By virtue of his status as de facto general partner of the IPOF Fund limited partnership, the Court agrees that the Receiver has a direct interest in the matter and is a proper intervenor plaintiff.

The Receiver has also requested that the Court sever the third party complaint because, *inter alia*, it constitutes improper third party practice. The Court agrees. Upon review of the third party complaint, the Court finds that it asserts claims on behalf of a limited partnership (the IPOF Fund) which are the Receiver's to assert. The allegations in the third party complaint, moreover, describe a wide-ranging securities fraud scheme involving numerous parties, all of whom are unnamed in the original complaint. The connection between the alleged course of conduct described in the original complaint (between the Smalls and the Regalbutos), and the alleged course of conduct described in the third party complaint (between scores of investors and financial institutions) appears, at best, tenuous.

Once severed, the Receiver seeks a stay of the third party claims. Upon review, the Court agrees that the third party claims are properly stayed at this time. Principally, given HRBFA's *Motion to Stay and Compel Arbitration* (Doc. 23), which, in a similar form, is currently under consideration by Sixth Circuit in an appeal filed in the related *Gordon Litigation*, the Court finds a stay of the third party complaint to be appropriate at this time.

The Receiver's motion for an order requiring Frank Regalbuto to show cause why he should not be held in contempt is based upon the Court's November 23, 2005 Order in the *Gordon Litigation* enjoining any person from interfering with the preservation of the Receivership estate. The Receiver argues that Frank Regalbuto's third party complaint was not presented for a proper purpose, and, instead, is only designed to impede the Receivership.

It was not until January 7, 2008, however, that the Court determined that the entity used to defraud the investors in the *Gordon Litigation* (and here) was a partnership. In the wake of that decision, it became clear that the proper party to bring claims on behalf of the defrauded investors was the Receiver. Because the third party complaint was filed prior to that date, the Court does not find that its sole purpose was to disrupt the receivership proceedings. Accordingly, the Court declines to issue an order requiring Mr. Regalbuto to show cause why he should not be held in contempt.

For the foregoing reasons, the Receiver's *Motion to Intervene as a Party and to Sever Third Party Complaint; to Stay Proceedings on Third Party Complaint; and for Order to Show Cause* (Doc. 21) is **GRANTED in part** and **DENIED in part**.

**II. HRBFA's Motion to Stay and Compel Arbitration**.

As noted above, in this matter HRBFA seeks arbitration of claims governed by the same arbitration clause at issue in the *Gordon Litigation*. Because the Court's ruling addressing the arbitrability of those claims is currently under consideration by a panel of the Sixth Circuit, it would be improvident to address HRBFA's motion in this matter, at this time. Accordingly, HRBFA's *Motion to Stay and Compel Arbitration* (Doc. 23) is **TERMED** without prejudice, subject to

3

reassertion and supplementation as necessary, subsequent to the Sixth Circuit's ruling on the underlying arbitration clause at the center of the pending appeal in the *Gordon Litigation*.

**III.     Frank Regalbuto's Motion to Join as Third Party Plaintiffs.**

In his unopposed Motion to Join Third Party Plaintiffs, Frank Regalbuto seeks to add approximately seventy additional individuals and entities as plaintiffs in his third party action. While the Receiver has requested severance of the third party complaint, he has not opposed the addition of these plaintiffs. Though, as noted above, the relief requested in the third party complaint is relief the Receiver must seek on behalf of the defrauded investors as the general partner of the IPOF Fund, because the motion is unopposed, at this juncture, the Court will countenance the joinder of these individuals as plaintiffs in the severed action. Frank Regalbuto's Motion to Join Third Party Plaintiffs is, therefore, **GRANTED**.[1]

**IV.     Small Plaintiffs' Motion for Partial Summary Judgment.**

In their Motion for Partial Summary Judgment, the Small Plaintiffs ask the Court to find that Frank and Michael Regalbuto owed a fiduciary duty to the Small Plaintiffs and that the Regalbutos breached that duty. Because the motion for partial summary judgment solely addresses the Small Plaintiffs' claims for breach of fiduciary duty, the Court's rulings as articulated below are only related to that cause of action. For the reasons explained below, the Small Plaintiffs' motion is **DENIED.**

    **A.     Legal Standard**

Federal Rule of Civil Procedure 56(c) governs summary judgment motions and provides:

---

[1] This ruling has no effect on the line up of parties in the original complaint and counterclaim. Those remain as originally plead. The Court notes, moreover, that the Receiver has not sought to intervene in the original action, which asserts only individual claims between the parties therein.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . .

Fed. R. Civ. P. 56(c). Rule 56(e), moreover, specifies the materials properly submitted in connection with a motion for summary judgment:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . . The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). The movant, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

In reviewing a motion for summary judgment, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Singfield v. Akron Metropolitan Housing Authority, 389 F.3d 555, 560 (6th Cir. 2004). A fact is "material" only if its resolution will affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable

evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." Id. at 252.

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing Frito-Lay, Inc. v. Willoughby, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. Fulson v. City of Columbus, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. Id.

**B. Discussion.**

In Ohio, "[a] claim of breach of a fiduciary duty is basically a claim of negligence, albeit involving a higher standard of care," requiring the complaining party to, "show the existence of a duty on the part of the [defendant] not to subject the [plaintiff] to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom." Strock v. Pressnell, 527 N.E.2d 1235, 1243 (Ohio 1988) (citations omitted). The term "fiduciary relationship" has been defined in Ohio as a relationship, "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue

of this special trust," and Groob v. KeyBank, 843 N.E.2d 1170, 1173 (Ohio 2006) (citations omitted). In the absence of the above, a fiduciary relationship may be established, "[w]hen both parties understand that a special trust or confidence has been reposed . . ." Id. Generally, a fiduciary is "a person having a duty, created by his undertaking, to act primarily for the benefit of another in matters connected with his undertaking." Id.

In their motion for summary judgment, the Small plaintiffs argue three bases for finding that Frank Regalbuto and Michael Regalbuto (the "Regalbuto Defendants") owed them a fiduciary duty.

First, the Small Plaintiffs contend that "through their many representations, warranties and assurances to Plaintiffs regarding the nature and management of any funds invested with them, [the Regalbuto Defendants] became Plaintiffs' fiduciaries." (See Pl's Mot. For Partial Summary J., Doc. 26, at 15-16). The Regalbuto Defendants, however, flatly deny that they made any such representations, warranties, or assurances. (See Frank Regalbuto's Opp. to Mot. For Partial Summary J., Doc. 53 at 11-14; Michael Regalbuto's Opp. to Mot. For Partial Summary J., Doc. 54 at 5-6). Without belaboring the issue, given that the only evidence relating to the representations at issue is in the form of diametrically opposed affidavits, it is clear that a disputed issue of material fact remains as to whether a fiduciary relationship was established by virtue of the alleged representations made by the Regalbuto Defendants.

Next, the Small Plaintiffs argue that, because Frank Regalbuto was an authorized signor on a bank account, he was a fiduciary with respect to the funds in that account as a matter of law. For starters, these allegations do not further a claim against Michael Regalbuto. Further, it appears that the Small Plaintiffs believe this duty as a matter of law arises from a holding in Savin v. Cent. Trust Co., N.A., 666 N.E. 332, 335-36. (See Pl's Mot. For Partial Summary J., Doc. 26, at 16). In Savin,

7

the court found a bank was not liable to a plaintiff because a party who manipulated funds in an account was an agent and fiduciary of the account holder. Notably, however, the Ohio court observed that, under the Uniform Fiduciaries Act, a fiduciary is defined as an "agent, officer[] of [a] corporation or any person acting in a fiduciary capacity." Id. at 335 (citing Ohio Rev. Code § 1339.03(B)). The court in Savin then observed that the signature card at issue listed the signor as the "treasurer" of the account holder – an officer. Id. Thus, it is unclear whether the party who manipulated funds was a fiduciary by virtue of her status as an account signor, or because she was an officer of the account holder.[2] In the absence of more explicit guidance from the Ohio state courts, the Court declines to adopt a blanket rule imposing a fiduciary relationship as a matter of law between any party with signatory authority for an account and any party whose funds are deposited in that account.[3]

Finally, the Small Plaintiffs claim that because the Regalbuto Defendants enthusiastically promoted the IPOF Fund -- the instrument of the fraud, they owed a "strict fiduciary duty to watch over Plaintiffs' funds and make certain that all representations concerning these funds were true." As noted above, there is significant dispute over what, if any, representations were made by the Regalbuto Defendants. In any event, the Small Plaintiffs have cited no case for the proposition that

---

[2] Another important distinction exists here. In Savin, to the extent there was a fiduciary relationship imposed as a matter of law, it was between the account *holder* and its signor/officer. Here, the Small Plaintiffs seek to impose a fiduciary duty between the signor of an account and *any person whose funds were deposited in that account*.

[3] Here, moreover, even were fiduciary duties properly imposed as a matter of law, given Frank Regalbuto's claim that he was completely misled by Dadante with respect to the ultimate destination of the monies deposited into the IPOF Fund account (See Frank Regalbuto's Opp. to Mot. For Partial Summary J., Doc. 53 at 15-18), undoubtedly a material issue of fact would exist with respect to the *breach* of the duty, rendering summary judgment inappropriate.

8

the promoter of an investment undertakes a fiduciary obligation to oversee the operation and management of that investment. In the absence of supporting precedent, because of the potentially far-reaching impact such a rule would have on investment advisers and promoters in many circumstances, the Court declines to impose a fiduciary duty as a matter of law under these circumstances.

Further, in this case, the Regalbuto Plaintiffs also claim that, to the extent they promoted the fund it was only because they believed in Dadante's representations and the authenticity of the documents he provided. The Regalbuto Defendants claim that they were also completely misled, victimized, and defrauded by David Dadante, the ultimate perpetrator of the fraud. The Regalbutos further explain that, had they indeed realized what the Smalls claim they should have known, they would not have also lost millions of dollars during the course of the IPOF Fund fraud. Given the substantial losses experienced by the Regalbuto Defendants, there is at least a material issue of fact as to whether they knew or possessed superior knowledge that would have created a fiduciary duty between the Regalbuto Defendants and the Small Plaintiffs, and, despite this knowledge, failed to save themselves from experiencing the same financial disaster.

Having found that the Small plaintiffs have failed to establish that the Regalbuto Defendants owed them a fiduciary duty either as a matter of law, or beyond any materially disputed fact, the Court declines to address the remaining elements of the claim (*i.e.*, breach of duty, causation, and damages).

**V.    The Regalbuto Defendants' Motion to Lift Stay**.

Also before the Court is the Regalbuto Defendants' unopposed *Motion to Lift the Stay* in this matter. (Doc. 64). Given the Court's rulings above with respect to the third-party complaint, the

9

Court agrees that there is no reason to further delay the progress of this matter with respect to the original complaint and counterclaim. Accordingly, Regalbuto Defendants' unopposed *Motion to Lift the Stay* (Doc. 64) is **GRANTED** as it relates to the original action *only*.

**VI.     Counsel for Frank Regalbuto's Motion to Withdraw as Attorney**.

Finally, Michael Cheselka has moved the Court to withdraw as counsel for Mr. Regalbuto. New counsel for the Regalbuto Defendants has since entered an appearance. Mr. Cheselka's unopposed motion is **GRANTED.**

**VII.    Conclusion.**

For the foregoing reasons, the Receiver's *Motion to Intervene as a Party and to Sever Third Party Complaint; to Stay Proceedings on Third Party Complaint; and for Order to Show Cause* (Doc. 21) is **GRANTED in part** and **DENIED in part**; H & R Block Financial Services, HRBFA's *Motion to Stay and Compel Arbitration* (Doc. 23) is **TERMED**; Frank Regalbuto's *Motion to Join as Third Party Plaintiffs* (Doc. 24) is **GRANTED**; the Small Plaintiffs' *Motion for Partial Summary Judgment* (Doc. 26) is **DENIED**; Frank Regalbuto's *Motion to Lift Stay* (Doc. 64) is **GRANTED** as to the original action only; and counsel for Frank Regalbuto's *Motion to Withdraw as Attorney* (Doc. 69) is **GRANTED**. Counsel for the parties named in the original complaint and counterclaim shall meet and confer with regard to a proposed revised case management plan, and shall appear in person for a status conference on Tuesday, August 12, 2008 at 11:45 a.m. As noted herein, the above captioned matter shall proceed on the bases of the complaint and counterclaim only; the third party complaint is **SEVERED** and that matter is **STAYED**.

**IT IS SO ORDERED.**

10

                                                      **s/Kathleen M. O'Malley**
                                                        **KATHLEEN McDONALD O'MALLEY**
                                                        **UNITED STATES DISTRICT JUDGE**

**Dated: July 25, 2008**