IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELDON GORDON, et al., | ) | Case No. 1:05CV2726 |
| | ) | |
| Plaintiffs, | ) | Judge Kathleen O'Malley |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID DADANTE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARK SMALL, *et al.*, | ) | Case No. 1:06CV1721 |
| | ) | |
| Plaintiffs, | ) | Judge Kathleen O'Malley |
| | ) | |
| v. | ) | |
| | ) | |
| FRANK REGALBUTO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NANCY AMANTEA, et al., | ) | Case No. 1:07CV3233, |
| | ) | |
| Plaintiffs, | ) | Judge Kathleen O'Malley |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID DADANTE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>BAR ORDER, INJUNCTION AND DISMISSAL OF CLAIMS</u>

By an Order issued October 16, 2008 after notice to all parties and interested persons and

a hearing held September 4, 2008 at which all parties were entitled to present Objections, the

Court granted the Receiver's <u>Motion for Order Approving Settlement and for Ancillary Orders</u>

regarding the Settlement Agreement (the "Agreement") between the Receivership Estate and

McDonald Investments, Inc., n/k/a KeyBanc Capital Markets, Inc. ("McDONALD") in the above-captioned Case No. 1:05 CV 2726 (the "Receivership Action"). The Agreement provides among other things that an Order shall issue barring and/or enjoining and dismissing with prejudice certain claims which are or could be asserted against McDONALD in the Receivership Action, and in the above-captioned Case No. 1:06 CV 1721 (the "Small Action"), and Case No. 1:07 CV 3233 (the "Amantea Action"). Pursuant to the Court's Order approving the Settlement Agreement the Court has determined that a Bar Order, Injunction and Dismissal of Claims shall issue as follows:

(1)  For purposes of this Order, the term "McDONALD" refers to McDonald Investments, Inc., KeyBanc Capital Markets, Inc., and their direct or indirect subsidiaries, parents and other affiliates, and its respective past and present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

(2) For purposes of this Order, the term "IPOF" refers to IPOF  L.P., IPOF FUND, IPOF FUND II, L.P. and GSGI, and their direct or indirect subsidiaries, parents and other affiliates, and their respective past and present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

(3) For purposes of this Order, the term "Receiver" refers to Mark E. Dottore, in his capacity as Receiver of IPOF.

(4) For purposes of this Order, the term "Non-Settling Defendants" refers to:

    A.    All current defendants, counter-defendants, cross-defendants and third-party defendants, other than MCDONALD, in the Receivership Action, the Small Action and the Amantea Action; and

    B.    Any other person or entity that directly or through his/her/its counsel was served with notice of the hearing on the Receiver's Motion to approve the Agreement.

(5)  Each of the Non-Settling Defendants is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against McDONALD (or any other claim against McDONALD where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to IPOF) arising out of or relating to the claims or allegations in the Receivership Action, the Small Action or the Amantea Action, or trading in the stock of Innotrac Corporation.

(6)  McDONALD is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to McDONALD is McDONALD's liability to IPOF), arising out of or relating to the claims or allegations in the Receivership Action, the Small Action or the Amantea Action, trading in the stock of Innotrac Corporation.

(7)  All claims against McDONALD in the Receivership Action, the Small Action and the Amantea Action are hereby dismissed with prejudice.

(8)  Any judgment obtained by the Receiver or IPOF against any of the Non-Settling Defendants, or any party other than McDONALD, shall be reduced in accordance with applicable law.

(9)  Neither McDONALD's settlement with IPOF, nor any of the settlement's terms or provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    A.    Construed as or deemed in any judicial, administrative, arbitration or other type of proceeding to be evidence of a presumption, concession, or an admission by MCDONALD of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in the Receivership Action, the Small Action or the Amantea Action;

        B.      Construed as a concession or an admission by MCDONALD that IPOF has suffered any damage.

(10)  The Court shall have and retain jurisdiction over the parties for all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the settlement agreement between and among MCDONALD and IPOF and any related disputes.

(11)  There is no just reason for delay in the entry of final judgment as to MCDONALD, and the Court hereby directs the clerk to enter judgment as to MCDONALD pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

(12)  The clerk shall promptly serve copies of this Order upon all parties to the Receivership Action, the Small Action and the Amantea Action.

(13)  The Receiver shall promptly serve all other persons whom he believes may be subject to any provision of this Order

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: November 26, 2008**