**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK SMALL, et al.,** | : | Case No. 1:06-CV-1721 |
| Plaintiffs, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **FRANK REGALBUTO, et al.,** | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Before the Court are Defendant Frank Regalbuto's Motion to File Amended Objections (Doc. 97), Defendant Frank Regalbuto's Motion to Withdraw his Motion to Dismiss (Doc. 110), Defendant Frank Regalbuto's Motion to Withdraw Counsel (Doc. 112), Plaintiffs' Unopposed Motion to Compel Discovery (Doc. 115), and Defendant Frank Regalbuto's Motion for an Extension of Time (Doc. 119). For the reasons stated herein, Defendant Frank Regalbuto's Motion to File Amended Objections (Doc. 97) is **DENIED**, Defendant Frank Regalbuto's Motion to Withdraw his Motion to Dismiss (Doc. 110) is **TERMED** as **MOOT**, Defendant Frank Regalbuto's Motion to Withdraw Counsel (Doc. 112) is **DENIED**, Plaintiffs' Unopposed Motion to Compel Discovery (Doc. 115) is **GRANTED**, and Frank Regalbuto's Motion for an Extension of Time (Doc. 119) is **DENIED**.

### I. The Motion to File Amended Objections is Denied

On December 11, 2008, Defendant Frank Regalbuto moved this Court for leave to file an additional objection to one of the Plaintiffs' document requests. (Doc. 97.) This motion was denied during the status conference of April 15, 2009. As explained during that conference, the

Defendant had already received several extraordinary considerations during the pendency of discovery in this case, including the Court's allowance of <u>any</u> objections given that Defendant Frank Regalbuto initially did not make them at all.  Indeed, at the time the Court made that extraordinary allowance, it did so upon the assurance of Defendant's counsel that he would make at most "5-7 objections."  (*See* Order of Nov. 3, 2008 at 2 n.2 (Doc. 93).)  Three weeks after making this accommodation, the Defendant again sought and received discretionary relief from the Court. (*See* Doc. 95 (granting Defendant's request to produce documents a month later than promised).)

The instant request, which would add an eighth objection, was filed on December 11, 2008.  This is actually after the date that Defendant had initially represented his production would be complete.  The Court simply cannot consider the substantive merits of such an objection, particularly given the extensive consideration that has already been given to this Defendant.  Accordingly, Defendant's request to Amend his Objections (Doc. 97) is **DENIED**.

## II.  The Motion to Withdraw the Motion to Dismiss is Moot

On April 14, 2009, Defendant Frank Regalbuto filed a Motion to Dismiss the Complaint. (Doc. 108.)  On April 15, 2009, the Court held a status conference at which it pointed out that a Motion to Dismiss was procedurally inappropriate at this point in the proceedings because the Defendant had already filed an answer to the Complaint.  The Court then **TERMED** the Motion to Dismiss and granted Defendant leave to refile it as a Motion for Summary Judgment.  On April 27, 2009, apparently unaware that the motion was no longer pending before the Court, the Defendant's counsel moved to withdraw the Motion to Dismiss (Doc. 110).  This motion (Doc. 110) is **MOOT**.

### III. The Motion to Withdraw as Counsel is Denied

On May 27, 2009 Defendant Frank Regalbuto filed a one-sentence Motion to Withdraw Current Counsel. (Doc. 112.) On June 4, 2009, the Plaintiffs filed an opposition to this motion. (Doc. 114.) The Plaintiffs assert that this motion is simply a delaying tactic to again avoid providing the discovery that the defendant has repeatedly promised. The Plaintiffs note that current counsel is at least the fifth attorney who has appeared on Frank Regalbuto's behalf and that this counsel, himself, has appeared twice as Frank Regalbuto's attorney. They further point out that the Defendant still has not fully responded to their discovery requests, served on August 29, 2008. (*See* Docs. 88, 93, 94, 95, 97.) Finally, the Plaintiffs argue:

> [Frank Regalbuto's current counsel] merely states that he was purportedly fired by Regalbuto, but does not explain any reason that he cannot properly represent Regalbuto's interests. [Counsel's] withdrawal would, once again, leave Plaintiffs without any ability to press forward with discovery and will continue Regalbuto's pattern of delay that has plagued this matter.

(Doc. 114.)

Frank Regalbuto does not dispute <u>any</u> of the above contentions. Indeed, Mr. Regalbuto did not file any type of response to the Plaintiffs' contentions at all. Under such circumstances, and in light of the Court's own assessment that Mr. Reglabuto has already engaged in substantial delay of discovery in this case, the Court finds that the Motion to Withdraw Counsel is not well-taken at this time.[1] *See Installation Software Technologies, Inc. v. Wise Solutions*, Inc., No. 03-C-4502, 2004 U.S. Dist. LEXIS 3388, at *24-25 (N.D.Ill. 2004) (outlining factors for the Court's consideration when evaluating a motion to withdraw counsel); *see also*, Taylor v. Stewart, 20

---

[1] Mr. Regalbuto may elect to resubmit a motion to withdraw counsel, <u>after the discovery obligations outlined later in this order have been met</u>, if new counsel is available and that new counsel certifies that both new counsel and Mr. Regalbuto are fully prepared to participate in the instant litigation without delay.

F.Supp.2d 882, 883 (E.D.Pa. 1998)(same). Accordingly, the Motion to Withdraw (Doc. 112.) is **DENIED**.

### IV. The Unopposed Motion to Compel is Granted

On June 4, 2009, Plaintiffs filed a motion to compel Defendants to provide certain long-overdue discovery to Plaintiffs. (Doc. 115.) Defendants have not opposed the motion. The Court has independently reviewed this motion, and finds it well-taken. In particular, the Court agrees that Plaintiffs are only asking the Court to formally order what Defense counsel promised would occur during the hearing of April 14, 2009. The Court, accordingly, **ORDERS**:

(1) Frank Regalbuto to produce, or make available for copying, all requested non-privileged documents to which he has not previously made a valid objection within 20 days of this Order.

(2) Frank Regalbuto to be available for deposition within 30 days after the documents are produced.

(3) Frank Regalbuto to respond to Plaintiffs' interrogatories served on April 17, 2009 within 20 days of this Order.[2]

(4) Frank and Michael Regalbuto to file a more definite statement outlining their Counterclaims within 20 days of this Order.

Furthermore, because this request comes after, and mirrors promises made by counsel for the Defendants during, the April 14, 2009 status conference, the Court orders Frank Regalbuto to pay to Plaintiffs all costs and fees associated with the filing of this motion. Plaintiffs' counsel will submit a documented fee request within 14 days of the date of this Order. Defendant will have 10 days thereafter to file any objections thereto.

---

[2] Although the instant motion is unclear as to whether this particular request is directed solely at Frank Regalbuto, or at Michael Regalbuto as well, the Court understood from the April 14, 2009 status conference that there were no issues relating to Michael Regalbuto's interrogatory responses. It is for this reason that the court also does not assess any costs against Michael Regalbutto in this order. To the extent that the Court was misinformed at that time, the Court would expect that, in light of the instant Order, Michael Regalbuto would provide complete interrogatory answers within 20 days as well.

### V. The Motion for an Extension of Time is Denied

Mere hours before the deadline for filing a response to Plaintiffs' Motion to Compel, Defendant Frank Regalbuto's counsel filed a two-sentence Motion for an Extension of Time. (Doc. 119.) This unusual motion asks for an additional three weeks to respond to the Plaintiffs' filing (nearly tripling the ordinary time given to respond to such a motion), without any explanation as to why such a long extension might be meritorious. Such lack of specificity is particularly inappropriate given that the Small Plaintiffs' motion asks the Court to do little more than formally order the Defendants to do that which counsel previously promised.[3]

### VI. Conclusion

For the aforementioned reasons, Defendant's Motion to File Amended Objections (Doc. 97) is **DENIED**, Defendant's Motion to Withdraw his Motion to Dismiss (Doc. 110) is **MOOT**, Defendant's Motion to Withdraw Counsel (Doc. 112) is **DENIED**, Plaintiffs' Motion to Compel (Doc. 115) is **GRANTED**, and Defendant's Motion for an Extension of Time (Doc. 119) is **DENIED**.

**IT IS SO ORDERED.**

                                                             s/Kathleen M. O'Malley
                                                             KATHLEEN McDONALD O'MALLEY
                                                             UNITED STATES DISTRICT JUDGE

Dated: June 29, 2009

---

[3] The motion does assert that new counsel will be making an appearance in the near future. This, however, is unavailing, as it actually supports the repeated claims, made by the Plaintiffs and discussed above, that the current motion to withdraw counsel is designed to further delay these proceedings and to further hinder the pace of discovery. (*See* Doc. 114.)

5