UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK SMALL, et al.,** | : | **Case No. 1:06-CV-1721** |
| **Plaintiffs,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **FRANK REGALBUTO, et al.,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is Plaintiffs' (collectively, the "Smalls") Motion for Attorney's Fees (Smalls' Br. of July 10, 2009 (Doc. 123)) and Defendant Frank Regalbuto's ("Regalbuto") response to that motion (Regalbuto's Br. of July 17, 2009 (Doc. 124)).  Although Regalbuto does not contest the amount of fees sought by the Smalls, he does move for relief from this Court's initial order of fees (Court Order of June 29, 2009 (Doc. 120)).

Regalbuto's counsel, Salvatore Zingale ("Zingale"), argues that Regalbuto should be excused from the Court's order of fees because Zingale was not aware of the Smalls' initial motion, filed on June 4, 2009 (Doc. 115), which ultimately led to the imposition of fees (*see* Court Order of June 29, 2009). Zingale, specifically, states that he did not receive automatic e-mail notification from this case between March 5, 2007 and June 30, 2009 and that, consequently, he never received service of that initial motion. (Regalbuto's Br. of July 17, 2009 at 6.)  He further asserts that, had he received such notice, he would have successfully opposed that initial motion.  (*Id*. at 3.)

This response is unavailing.  The Court need not analyze whether Regalbuto might have been able to successfully oppose the Smalls' initial motion because it is clear that "attorneys [have] a duty to

monitor the court's docket" and their failure to do so is not an excuse for relief from a court order.[1] *Snyder v. Barry Realty*, 60 Fed. Appx. 613, 614 (7th Cir. 2003). The D.C. Circuit correctly analyzed this very situation when it wrote:

> In defending their failure to [file required briefing], the appellants offer nothing but an updated version of the classic "my dog ate my homework" line. They claim that, as the result of a malfunction in the district court's CM/ECF electronic case filing system, their counsel never received an e-mail notifying him of American's motion to dismiss their amended complaint. Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here. Their counsel's effort at explanation, even taken at face value, is plainly unacceptable. Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket.

*Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004); *cf. Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370 (6th Cir. 2007) ("[P]arties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal."). Indeed, even if failure to monitor the docket can ever be an excuse for the failure to respond to an opposing party's motion, it is surely no excuse where, as here, counsel apparently did not realize that he was not receiving electronic notification for more than two years.[2]

Accordingly, Regalbuto's Motion for Relief (Doc. 124) is **DENIED** and the Smalls' Motion for Fees in the amount of $1,510.50 (Doc. 123) is **GRANTED**.[3]

---

[1] To the extent the Court were to consider the substantive merits of any potential opposition to sanctions that Zingale might have filed on behalf of his client, the evidence is not favorable to Regalbuto. Zingale concedes that the discovery responses that the Smalls have been seeking for almost a year still have not been provided, and he does not explain why a hospitilalization occurring months after the status conference where the discovery was promised could possibly justify the failure to respond.

[2] Regalbuto's argument that the Smalls' counsel should have realized that Zingale was not receiving notification (Regalbuto's Br. of July 17, 2009 at 3) is not well-taken. Even absent uniform precedent on this issue, the Court would not conclude that the Smalls' counsel had a duty to ensure that Zingale was receiving CM/ECF notification, yet Zingale himself did not.

[3] The Court has independently reviewed the Smalls' fee request and finds it to be substantively reasonable.

**IT IS SO ORDERED.**

                                                          s/Kathleen M. O'Malley
                                                          **KATHLEEN McDONALD O'MALLEY**
                                                          **UNITED STATES DISTRICT JUDGE**

**Dated: September 16, 2009**