**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHELDON GORDON, *et al.*, | ) | |
|             Plaintiffs, | ) | No. 1:05 cv 2726 |
|    vs. | ) | |
| | ) | Judge Kathleen O'Malley |
| DAVID A. DADANTE, | ) | |
|   *et al.*, | ) | |
|             Defendants. | ) | |

| | | |
|---|---|---|
| MARK SMALL, *et al.*, | ) | |
|             Plaintiffs, | ) | No. 1:06 cv 1721 |
|    vs. | ) | |
| | ) | Judge Kathleen O'Malley |
| FRANK REGALBUTO, *et al.*, | ) | |
| | ) | |
|             Defendants. | ) | |

| | | |
|---|---|---|
| NANCY J. AMNTEA, *et al.*, | ) | |
|             Plaintiffs, | ) | No. 1:07 cv 3233 |
|    vs. | ) | |
| | ) | Judge Kathleen O'Malley |
| DAVID A. DADANTE, *et al.*, | ) | |
| | ) | |
|             Defendants. | ) | |

**BAR ORDER AND INJUNCTION**

WHEREAS, on March 28, 2011 Mark E. Dottore, Receiver, filed a motion (the "Motion") seeking a determination that, as a result of a proposed settlement between and among The Ancora Group, for itself and on behalf of Ancora Securities, Inc. (collectively referred to in this paragraph as "Ancora"), and IPOF Fund, L.P., IPOF II, L.P., GSI, GSGI and all affiliated entities thereof in the above-captioned action, Case No. 1:05 CV 2726

("Receivership Action"), an order should issue barring all claims against Ancora, including but not limited to claims for indemnity or contribution, arising out of, in connection with, or in any way relating to the Receivership Action or the allegations therein.

WHEREAS, due and proper notice of the Motion has been given to all interested persons, and all interested persons were given an opportunity to object to the motion, but no objections were filed, and the Court having considered the papers filed by Receiver in support of his Motion.

NOW, THEREFORE, it is hereby ordered that:

I. For purposes of this Order, the term "Ancora" refers to The Ancora Group, Ancora Securities, Inc., and Ancora Advisors, LLC, and any of their direct or indirect subsidiaries, parents and other affiliates, respective past and present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

II. For purposes of this Order, the term "IPOF Fund" refers to IPOF Fund, L.P., IPOF II, L.P., GSI, GSGI and any affiliates, and their respective past and present employees, officers, directors, successor and predecessor entities, and attorneys, and each of them.

III. For purposes of this Order, the term "Receiver" refers to Mark E. Dottore, in his capacity as Receiver of IPOF Fund.

IV. For purposes of this Order, the term "Non-Settling Defendants" refers to:

    A. All defendants, counter-defendants, cross-defendants and third-party defendants in the Receivership Action; and

    B. Any other person or entity that directly or through his/her/its counsel has been served with notice of the hearing on the Motion.

V. Each of the Non-Settling Defendants is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against Ancora (or any other claim against Ancora where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to IPOF Fund or injury resulting prior to the date of this Order from Ancora's alleged fraud, negligence or aiding and abetting of alleged misconduct involving IPOF Fund or David A. Dadante ("Dadante")), including but not limited to claims arising out of or relating to conduct or transactions involving: (i) accounts established by, carried in the name of, or for the benefit of, David A. Dadante ("Dadante"); (ii) claims arising out of or relating to the claims or allegations in the Receivership Action, *Small, et al. v. Regalbuto, et al.* (Case No. 1:06CV1721), and *Amantea, et al. v. Dadante, et al.* (Case No. 1:07CV3233); (iii) transactions in the stock of Innotrac Corporation; or (iv) conduct of Joyce K. Gonzalez ("Gonzalez") as a former employee or associate of Ancora.

VI. Ancora is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to Ancora is Ancora's liability to IPOF Fund) against IPOF Fund or the Non-Settling Defendants arising out of or relating to conduct or transactions prior to the date of this Order involving, or accounts established by, carried in the name of, or for the benefit of, Dadante, including, but not limited to, claims arising out of or relating to the claims or allegations in the Receivership Action, transactions in the stock of Innotrac Corporation, or conduct of Gonzalez as a former employee or associate of Ancora.

VII. All claims which could have been asserted against Ancora in the Receivership Action are hereby permanently barred, enjoined and restrained.

VIII. Any judgment obtained by the Receiver or IPOF Fund against any of the Non-Settling Defendants, or any party other than Ancora, shall be reduced in accordance with applicable law.

IX. Neither Ancora's settlement with IPOF Fund, nor any of the settlement's terms or provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

    A. Construed as or deemed in any judicial, administrative, arbitration or other type of proceeding to be evidence of a presumption, concession, or an admission by Ancora of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted in the Receivership Action;

    B. Construed as a concession or an admission by Ancora that IPOF Fund has suffered any damage.

X. The Court shall have and retain jurisdiction over the parties for all matters relating to the administration, interpretation, effectuation, or enforcement of this Order, the settlement agreement between and among Ancora and IPOF Fund, and any related disputes.

XI. The clerk shall promptly serve copies of this Order upon all parties to this Action.

XII. The Receiver shall promptly serve all other persons whom he believes may be subject to any provision of this Order, and shall, within thirty (30) calendar days from the date of entry of this Order, submit to this Court an affidavit identifying the name, address, date of service, and manner of service of each such Person he served with a copy of this Order in compliance with this provision.

IT IS SO ORDERED.

5

Dated: March 28, 2011s/ Kathleen M. O'Malley
Kathleen M. O'Malley
United States District Judge*

*United States Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.*

Case: 1:06-cv-01721-KMO Doc #: 149 Filed: 03/28/11 6 of 6. PageID #: 1439